**Shirley Walston HIME, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–97–00647–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 12, 1999.

---

**52.**  985 S.W.2d 38, 40–41 (Tex.1998) (per curiam).

Frank A. Hale, Jeffrey G. Heintschel, Pasadena, for appellants.

Kevin Patrick Yeary, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, Shirley Walston Hime, appeals her conviction for the misdemeanor offense of driving while intoxicated. Following a jury trial, appellant was found guilty of driving while intoxicated, sentenced to 180 days' confinement in the Harris County Jail, probated for one year, and assessed an $800 fine. Appellant raises two issues, contending that (1) the arresting officer did not have reasonable suspicion to initiate an investigative stop, and (2) the court erred in denying her motion for directed verdict based on improper courtroom identification. We affirm the trial court's judgment.

## BACKGROUND

On November 8, 1996, Amanda Skelton observed a green Mustang with a white convertible top, being driven north on Route 249 in Harris County. She saw the Mustang swerve toward cars as the cars

tried to pass. Skelton stopped at a nearby Burger King to report the incident, and noticed the Mustang pull into the Burger King drive-through lane. Police dispatch relayed this information to Officer Steve Girgenti of the Tomball Police Department, who arrived at the scene approximately one minute later. Officer Girgenti made visual contact with a vehicle matching the description given to him by police dispatch, and pulled into the parking lot to wait for appellant to exit the drive-through lane.

Officer Girgenti followed appellant a short distance as she left the restaurant's parking lot and decided to pull her over. At trial, Officer Girgenti admitted that he had not observed appellant commit any traffic violations prior to the stop. As Girgenti approached appellant, he noticed that appellant had blood shot eyes, slurred speech, and smelled strongly of alcohol. Officer Girgenti asked appellant for her driver's license, and she handed him her Burger King bag. Girgenti then asked appellant to exit her vehicle, noticing that as appellant complied, she was unsteady on her feet and had to hold onto the car for support. After Girgenti administered field sobriety tests, on which appellant performed poorly, Girgenti concluded that appellant had lost the normal use of her mental and physical faculties as a result of the introduction of alcohol into her body. Subsequently, Girgenti arrested appellant for driving while intoxicated.

### INVESTIGATIVE STOP

■ In her first issue, appellant argues that the trial court "erred by allowing into evidence ... all testimony and matters concerning the stop, the arrest and all evidence derived from the stop because Officer Girgenti did not have reasonable suspicion to detain" her. Appellant asserts, *inter alia*, that Officer Girgenti lacked the requisite information to form a reasonable suspicion that appellant was driving while intoxicated because Girgenti did not speak with Amanda Skelton, and

therefore, was not able to judge her veracity and credibility.

■ A police officer may stop and briefly detain a person suspected of criminal activity on less information than is constitutionally required for probable cause to arrest. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968); *State v. Sailo*, 910 S.W.2d 184, 187 (Tex.App.—Fort Worth 1995, pet. ref'd). Whether the officer's suspicion of criminal activity is reasonable depends on both the content and reliability of the information presented to the officer. *See Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301, 309 (1990); *Sailo*, 910 S.W.2d at 188. To be justified in temporarily detaining a person for further investigation, the officer must have specific articulable facts which, in light of the officer's experience and personal knowledge, together with other inferences from those facts, would reasonably warrant temporary detention for investigation as an intrusion into the detained person's freedom. *See Terry*, 392 U.S. at 21, 88 S.Ct. at 1880. The officer must have a reasonable suspicion that the person detained actually is, has been, or soon will be engaged in criminal activity. *See Woods v. State*, 956 S.W.2d 33, 35–38 (Tex.Crim.App.1997); *Josey v. State*, 981 S.W.2d 831, 838 (Tex.App.—Houston [14th Dist.] 1998, no pet. h.).

■ Here, the information provided by Amanda Skelton led Officer Girgenti to suspect that appellant was driving while intoxicated. Skelton telephoned the police and described appellant's vehicle, erratic driving, and location. The police dispatch relayed this information to Girgenti, who arrived at Burger King within minutes. Because Skelton identified herself by name to the police dispatch operator, she was not an anonymous informant. "When police receive information from a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent."

*Cornejo v. State*, 917 S.W.2d 480, 483 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd). Furthermore, an informant's detailed description of wrongdoing, along with a statement that the informant actually saw the reported event, entitles the informant's tip to greater weight than otherwise might be the case. *See Illinois v. Gates*, 462 U.S. 213, 234–35, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527, 545 (1983). Thus, Officer Girgenti's suspicion arising from Skelton's information was reasonable, and appellant's temporary detention was justified.

■ Moreover, an officer may rely upon information received through an informant, rather than on his direct observations, so long as the informant's statement is reasonably corroborated by other matters within the officer's knowledge. *See Gates*, 462 U.S. at 242, 103 S.Ct. at 2334, 76 L.E.2d at 550. Corroboration by a police officer means, in light of the circumstances, he confirms enough facts so that he may reasonably conclude that the information provided is reliable and a detention is justified. *See White*, 496 U.S. at 330–31, 110 S.Ct. at 2416, 110 L.E.2d at 309. Skelton described appellant's vehicle, location and criminal actions. When Officer Girgenti confirmed that appellant's vehicle was located where Skelton indicated and matched the description given, he was justified in initiating an investigative stop. Consequently, we disagree with the contentions in appellant's first issue.

## IDENTIFICATION

■ In her second issue, appellant contends that the trial court erred in denying her motion for directed verdict "because no witness specifically and positively identified [appellant] in the court room as the person driving the green Mustang on November 8, 1996." Appellant asserts that despite the testimony from eyewitnesses who identified appellant at trial by describing her attire, the State failed to adequately identify appellant as the driver of the Mustang. We disagree.

The Court of Criminal Appeals has held that a reviewing court should treat a point of error complaining of a trial court's failure to grant a motion for directed verdict as a challenge to the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App.1996). Evidence is legally sufficient when, viewed in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.E.2d 560 (1979). Appellant argues that the evidence is insufficient because the State's witnesses identified appellant only by what she was wearing in the courtroom. However, appellant fails to cite, and we fail to find, any authority that suggests this type of identification is insufficient and will not support a finding of guilt. *See, e.g., Rohlfing v. State*, 612 S.W.2d 598, 598 (Tex. Crim.App.1981) (holding a witness's identification of appellant as "the man in court wearing an orange shirt and a light/beige/tan leisure suit" to be sufficient identification); *Purkey v. State*, 656 S.W.2d 519, 520 (Tex.App.—Beaumont 1983, pet. ref'd) (concluding that a lack of formal in-court identification beyond the mere reference to the defendant by name, did not render the evidence insufficient to establish defendant's identity as the alleged perpetrator). Moreover, after arresting appellant and transporting her to the police station, Officer Girgenti recorded appellant on a video tape. The State played this tape for the jury. Therefore, we find there was ample evidence to establish appellant as the driver of the green Mustang. Accordingly, we find no merit in appellant's second issue.

The trial court's judgment is affirmed.