TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




ON MOTION FOR REHEARING







NO. 03-05-00716-CR






Wendy Winborn, Appellant


v.


The State of Texas, Appellee





FROM THE COUNTY COURT AT LAW NUMBER 2 OF HAYS COUNTY

NO. 75862, HONORABLE LINDA ANN RODRIGUEZ, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Our opinion and judgment issued on October 12, 2006, are withdrawn, and the
following opinion is substituted. 

 This case concerns whether a phoned-in tip from an identified motorist was
sufficiently reliable to justify an investigative stop of appellant Wendy Winborn for driving while
intoxicated. The investigative stop resulted in Winborn's arrest and ultimately, her conviction for
driving while intoxicated. We affirm the conviction.

 On October 9, 2004, Corporal Kathy Anderson of the San Marcos Police Department
was on patrol in the San Marcos area when she received a call from dispatch notifying her of a
possible intoxicated driver. (1) The call from dispatch was based on a phoned-in tip from Jerry
Hoffman, a truck driver who was driving south on I-35. The information relayed from dispatch to
Corporal Anderson was that Hoffman had been following a vehicle since Austin and that the driver
of the vehicle was failing to maintain a single lane. Hoffman reported the vehicle's license plate
number and left his name, telephone number, and address with dispatch. After Anderson received
this call, she got on I-35 going south and, within a few minutes, identified Winborn's vehicle as the
vehicle reported by Hoffman because "it was the same license plate."

 Corporal Anderson followed Winborn's vehicle for approximately two miles without
activating the overhead lights on her patrol car. She testified that, other than observing Winborn's
car "going back and forth within its lane of traffic," she did not observe "any traffic infraction"
during this time. Once Corporal Anderson activated her overhead lights, Winborn's vehicle "went
over into the left lane with two tires on the left side." According to Anderson, Winborn then made
a lane change to the right lane using her blinker but "then again [Winborn] went over into the center
lane with two tires." After driving approximately one mile further, Winborn stopped her vehicle and
was arrested by Corporal Anderson for driving while intoxicated. 

 Winborn was charged by information with driving while intoxicated. In a pretrial
motion to suppress, Winborn argued that the evidence supporting the DWI charge was discovered
during an improper investigative stop. After conducting a hearing on the motion, during which
Corporal Anderson testified, the trial court overruled the motion to suppress. At trial, Winborn
entered a plea of nolo contendere to the offense of driving while intoxicated, and the trial court
assessed punishment at 180 days in prison, probated for 18 months with conditions of community
supervision, and a $600 fine.

 In one issue on appeal, Winborn contends that the trial court erred in overruling her
motion to suppress because Hoffman's tip was not sufficiently reliable to provide Corporal Anderson 

with reasonable suspicion to justify an investigative stop of her vehicle.

 Questions of reasonable suspicion and probable cause are reviewed de novo. See
Guzman v. State, 955 S.W.2d 85, 87-88 (Tex. Crim. App. 1997); State v. Garcia, 25 S.W.3d 908,
911 (Tex. App.--Houston [14th Dist.] 2000, no pet.). When hearing a motion to suppress, the trial
court is the sole trier of fact, and, accordingly, the judge may choose to believe or disbelieve all or
any part of a witness's testimony. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). 
When, as here, no findings of fact are filed, we must view the evidence in the light most favorable
to the ruling and sustain the decision if it is correct on any applicable theory of law. Id. at 855-56.

 A police officer may stop and briefly detain a person for investigative purposes if the
officer, in light of his or her experience, has a reasonable suspicion supported by articulable facts that
criminal activity may be afoot. Stewart v. State, 22 S.W.3d 646, 648 (Tex. App.--Austin 2000,
pet. ref'd) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). To justify the investigative detention, the
individual officer must have a reasonable suspicion that "some activity out of the ordinary is
occurring or had occurred, some suggestion to connect the detained person with the unusual activity,
and some indication that the activity is related to a crime." State v. Fudge, 42 S.W.3d 226, 229
(Tex. App.--Austin 2001, no pet.) (quoting Terry, 392 U.S. at 21-22).

 The reasonableness of an investigative detention turns on the totality of circumstances
in each case. See Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). When the police
receive information from an informant, the totality of the circumstances includes the veracity and
reliability of the informant and the informant's information, as well as the basis for the informant's
knowledge. See Illinois v. Gates, 462 U.S. 213, 230-31 (1983). 

 An anonymous tip alone will rarely establish the level of reasonable suspicion
required to justify a detention. Florida v. J.L., 529 U.S. 266, 270 (2000); Alabama v. White,
496 U.S. 325, 329 (1990). There must be some further indicia of reliability, some additional facts
from which a police officer may reasonably conclude that the tip is reliable and a detention is
justified. Pipkin v. State, 114 S.W.3d 649, 654 (Tex. App.--Fort Worth 2003, no pet.). 

 Several Texas courts of appeals have held that a tip from an informant exhibits
sufficient indicia of reliability to justify a detention when the informant has placed himself in a
position to be easily identified and held responsible for the information provided. See, e.g.,
Hawes v. State, 125 S.W.3d 535, 540 (Tex. App.--Houston [1st Dist.] 2002, no pet.) (upholding
detention based on tow truck driver's call to dispatch reporting erratic driving because tow truck
driver was in traceable vehicle and was following defendant); Fudge, 42 S.W.3d at 232 (upholding
detention based solely on cab driver's unsolicited in-person report to officer about erratic driving);
Garcia, 25 S.W.3d at 913-14 (holding that reasonable suspicion existed after individual "flagged
down" officer in parking lot and personally reported incident, even though informant later left scene
without identifying himself); State v. Stolte, 991 S.W.2d 336, 342-43 (Tex. App.--Fort Worth 1999,
no pet.) (upholding investigative detention based on information from unidentified person relayed
to investigating officer by police dispatcher because informant followed vehicle and waited at scene
when stop was made); State v. Sailo, 910 S.W.2d 184, 189 (Tex. App.--Fort Worth 1995, pet. ref'd) 

(upholding stop based on report personally given to officer even though informant drove away
before being identified). 

 The State contends that Hoffman's unsolicited, phoned-in tip to the police was
sufficiently reliable to justify the investigative detention in this case because he left his name, phone
number, and address with dispatch. Winborn, on the other hand, argues that the tip was not
sufficiently reliable because it was given to the police over the phone rather than in a face-to-face, in-person manner.

 Several cases, including Fudge, Garcia, and Sailo, have held that an informant's
unsolicited tip was reliable because the informant gave the information to the police in a "face-to-face manner" that also revealed information about the informant, including identity. See Fudge,
42 S.W.3d at 232; Garcia, 25 S.W.3d at 913; Sailo, 910 S.W.2d at 188. In each of these cases, the
informant transmitted the information in-person. However, the in-person aspect of the delivery of
the tip is not the key to results in these cases. The central point is the credibility and reliability to
be given the information delivered by the informant. See Gates, 462 U.S. at 230-31 (1983). This
credibility and reliability can be enhanced when something about the informant is known, such as
the informant's identity or basis for having the information conveyed. While such information can
be effectively conveyed in-person, such face-to-face contact is not the only method by which police
can receive credible and reliable tips.

 An officer may rely upon information received through an informant, rather than on
his or her direct observation, so long as the officer confirms enough facts so that he or she may
reasonably conclude that the information provided is reliable and a detention is justified. See White,
496 U.S. at 330-31. This does not mean that the officer must personally observe the conduct that
causes him to reasonably suspect that a crime is being, has been, or is about to be committed. 
Brother v. State, 166 S.W.3d 255, 259 (Tex. Crim. App. 2005) (citing Adams v. Williams,
407 U.S. 143, 147 (1972)). Rather, it means that the police officer, in light of the circumstances,
confirms enough facts to reasonably conclude that the information given to him is reliable and a
temporary detention is thus justified. Brother, 166 S.W.3d at 259. As discussed above, Hoffman's
tip contained indicia of reliability because he placed himself in a position to be easily identified and
held responsible for the information provided. Additionally, several minutes after dispatch contacted
Corporal Anderson relaying Hoffman's tip, Anderson identified a vehicle in the same location and
with the same license plate number described by Hoffman. When Corporal Anderson confirmed that
Winborn's vehicle was located where Hoffman indicated and matched the description given, she was
justified in initiating an investigative stop. See Hime v. State, 998 S.W.2d 893, 896
(Tex. App.--Houston [14th Dist.] 1999, pet. ref'd). 

 The facts of this case are nearly identical to the facts presented in Hime. See id. In
that case, an informant called the police to report her observation of an individual's reckless driving. 
See id. at 895. The informant described the suspect's vehicle, erratic driving, and location, and gave
her name to dispatch. Id. After the police identified the vehicle matching Skelton's description in
the location described by Skelton, they stopped the vehicle and arrested the driver for driving while
intoxicated. Id. Although Skelton did not contact the police in a face-to-face manner, "[b]ecause
Skelton identified herself by name to the police dispatch operator, she was not an anonymous
informant." Id. As a result, the court held that Skelton's tip to the police, plus corroboration by the
police of the information relayed by Skelton, justified the investigatory stop. See id. at 896.

 Winborn contends that her case is similar to Davis v. State, 989 S.W.2d 859, 861
(Tex. App.--Austin 1999, pet. ref'd), in which this Court held that an anonymous tip that served as
the sole basis for a detention was not sufficient to create reasonable suspicion. In that case, an
officer received a report of reckless driving from dispatch, including the vehicle's description and
location, and a statement that three white males inside the vehicle were "possibly smoking
marijuana." Id. The informant did not leave a name or address with the dispatcher, and no one
stopped at the scene claiming to be the informant. Id.

 We conclude that the facts of this case are distinguishable from the situation in Davis
and are, instead, more closely analogous to the facts presented in Hime. While the informant in
Davis did not volunteer identifying information and was never identified, the informant in this case
identified himself and put himself in a position to be held responsible for the information provided. 
Corporal Anderson testified at the suppression hearing that Hoffman left his name and address with
dispatch "in case [the police] needed to make contact with him." As a result, Hoffman was not an
anonymous informer as in Davis. See Hime, 998 S.W.2d at 895. His phoned-in tip contained indicia
of reliability similar to those bolstering reliability of a tip delivered by an informant who flags down
the police and delivers the information in person. These indicia of reliability, when combined with
Corporal Anderson's observation of Winborn's vehicle consistent with Hoffman's description, and
viewed in the totality of the circumstances, provided sufficient reasonable suspicion to justify the
investigative stop of Winborn's vehicle. See id. at 896.

 Having overruled Winborn's sole issue on appeal, we affirm.


 __________________________________________

 G. Alan Waldrop, Justice

Before Justices Patterson, Puryear and Waldrop

Affirmed on Motion for Rehearing

Filed: June 13, 2007

Do Not Publish
1. At the hearing on the motion to suppress, Corporal Anderson gave the following testimony:


 [Prosecutor]: Okay. And it-- it [Anderson's report] says here that you were notified of a
possible intoxicated driver.


 [Anderson]: Yes.