**Affirmed and Opinion filed August 21, 2014.**



In the

# Fourteenth Court of Appeals

## NO. 14-10-01089-CR

## JACKIE JOHNSON, Appellant

### V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1686082**

## O P I N I O N

Appellant Jackie Johnson's appeal of his conviction for misdemeanor possession of marijuana is before us on remand.[1]  In a single issue, Johnson argues that the trial court erred in denying his motion to suppress evidence.  On original submission, we concluded that the interaction between the police officer and appellant was a consensual encounter, not subject to any Fourth Amendment

---

[1] Tex. Health & Safety Code Ann. § 481.121(b)(1) (West 2010).

restrictions.  *See Johnson v. State*, 359 S.W.3d 725, 733 (Tex. App.—Houston [14th Dist.] 2011), *rev'd*, 414 S.W.3d 184 (Tex. Crim. App. 2013).  The Court of Criminal Appeals reversed, finding that the police officer detained appellant, and remanded the case for this court to determine whether reasonable suspicion supported the detention.  *Johnson v. State*, 414 S.W.3d 184, 194 (Tex. Crim. App. 2013) (*Johnson II*).  We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

At approximately 11 p.m. on June 7, 2010, a resident of the Copper Cove Apartments, located on Brant Rock Drive in Harris County, Texas, called 911 to report a suspicious individual at her complex watching people and cars in the parking lot.  The caller provided a physical description of the individual—a black male wearing a black t-shirt and beige pants—and his current location, which was near the leasing office.  Approximately half an hour later, Sergeant Hendrie with the Houston Police Department responded to the call.  Hendrie had previously responded to robberies at this complex when he was a detective in HPD's robbery division, so he volunteered to respond to the call.

When he first drove by the complex, Hendrie did not notice anyone "lurking around."  As he continued patrolling, however, Hendrie noticed a running car with its lights turned on that was backed into a parking spot in front of the leasing office.  Hendrie turned on the high-beam spotlight from his patrol car and observed a black man wearing a dark shirt, appellant, sitting in the driver's seat.  From his training and experience in the robbery division, Hendrie recognized that the man had parked his car the same way a getaway vehicle would be parked during a robbery.

Hendrie pulled his patrol car in front of the corner of the car.  Hendrie testified that he walked towards the passenger side of the car, and then to the

2

driver's side. Hendrie asked appellant, "What's going on? What are you doing out here?" As he was speaking with appellant, Hendrie smelled a strong odor of marijuana coming from the car. Then he asked appellant to step out of the car, and located marijuana sitting on the front console. Hendrie arrested appellant, who was charged with the misdemeanor offense of possession of marijuana.

Appellant filed a motion to suppress the evidence, arguing that it was obtained as the result of an illegal detention, search, and seizure.[2] In denying appellant's motion, the trial court concluded "that the officer acted reasonably under the circumstances and did have articulable facts that justified the minimal detention." After pleading guilty to the charge and agreeing to a plea bargain of 20 days' confinement, appellant timely appealed the trial court's denial of the motion to suppress.

On appeal, this court concluded that the interaction between Hendrie and appellant was a consensual encounter, as opposed to a detention, and affirmed the conviction. *Johnson*, 359 S.W.3d at 733. The Court of Criminal Appeals granted review and reversed, concluding that the interaction was a detention. *Johnson II*, 414 S.W.3d at 194. The Court remanded the cause to this court for a determination of reasonable suspicion. *Id.*

---

[2] In his motion to suppress, appellant argued that the search was illegal under "the laws of this State and/of the United States Constitution." In his original brief, appellant argues that his detention violated the Fourth and Fourteenth Amendments of the United States Constitution. In his supplemental brief on remand, appellant contends that the trial court erred by not "excluding evidence secured in violation of the Constitutions and laws of the State of Texas and the United States." Assuming without deciding appellant has not abandoned any state law issue by not raising it in his original brief, he presents no argument that Texas law otherwise provides more protection than the Fourth Amendment, applicable to the states by the Fourteenth Amendment, so we analyze his issue under the Fourth Amendment. *See Flores v. State*, 319 S.W.3d 697, 702 n.8 (Tex. Crim. App. 2010).

## II.     RULE 42.4

We first consider a threshold matter raised by the State in its brief on remand. The State argues that this court should consider whether the appeal "needs to be involuntarily dismissed."[3] *See* Tex. R. App. P. 42.4 ("The appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state."); *Ike v. State*, 998 S.W.2d 323, 324 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (appeal dismissed where affidavit stated defendant did not appear for sentencing and bond was forfeited); *Porras v. State*, 966 S.W.2d 764, 765 (Tex. App.—Amarillo 1998, no pet.) (appeal dismissed where affidavit stated defendant disappeared while appeal was pending, bond was surrendered, and warrant for arrest issued). Although the State did not file a motion to dismiss supported by affidavit per rule 42.4, we construed this section of the State's brief as a motion and requested that appellant's counsel file a response.[4]

In his response, appellant's counsel states: he has no personal knowledge that appellant has absconded or escaped from custody, appellant has continued on his bond as filed and it has not been forfeited, and no affidavit to surrender has been filed. Moreover, appellant has contacted his counsel's office at least three times since the Court of Criminal Appeals issued its opinion. Appellant's counsel has been in contact with appellant's bonding company and bail bondsman "who

---

[3] Alternatively, the State requested that we consider abating the appeal.

[4] The State's professed knowledge about appellant's alleged disappearance is based on his counsel's September 2012 affidavit, which his counsel had filed in the Court of Criminal Appeals, explaining the delay in filing his merits brief was due to his inability to contact and communicate with appellant. The State attached this affidavit to its brief on remand.

appear[] to have been capable of maintaining open communications with and knowledge of the whereabouts of [appellant]." Appellant's counsel also searched the district clerk's records and made inquiries of the Harris County Sheriff's Department and located no "report or incident" that appellant has escaped from custody. Finally, appellant's counsel states that he has no reason to believe that appellant desires to waive his right to appeal.

We disagree with the State that dismissal is warranted under rule 42.4. Therefore, we deny the State's motion and proceed to the merits.

### III.     ANALYSIS

### A.     Standard of review

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005); *Thomas v. State*, 297 S.W.3d 458, 460 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). When reviewing a trial court's ruling on a motion to suppress, we view all evidence in the light most favorable to the ruling. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). If the trial court does not make explicit findings of fact, we presume factual findings that would support the court's ruling if the record and reasonable inferences could support those implied findings. *Id.*

When reviewing a trial court's denial of a motion to suppress, we afford almost complete deference to the court's determination of historical facts, especially when its implicit factfinding is based on an evaluation of credibility and demeanor. *Id.* While the party which prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence, we review de novo the legal significance of those facts—here, whether the State satisfied its burden to prove that appellant's

5

warrantless detention was supported by reasonable suspicion. *See id.*; *Derichsweiler v. State*, 348 S.W.3d 906, 913 (Tex. Crim. App. 2011); *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011) ("The State bears the burden of producing specific articulable facts showing reasonable suspicion . . . ."). "If supported by the record, a trial court's ruling on a motion to suppress will not be overturned." *LeCourias v. State*, 341 S.W.3d 483, 487 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

## B. Applicable law

Reasonable suspicion is required for a police officer to lawfully detain an individual without a warrant. *Derichsweiler*, 348 S.W.3d at 914 (discussing investigative detention); *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex. Crim. App. 2000). Reasonable suspicion exists if the police officer "has specific, articulable facts that, combined with rational inferences from those facts," reasonably leads to the conclusion that the person detained is, has been, or will soon be engaged in criminal activity. *Derichsweiler*, 348 S.W.3d at 914; *see also Woodard*, 341 S.W.3d at 411. This objective standard looks to the totality of the circumstances. *Derichsweiler*, 348 S.W.3d at 914. This standard considers not whether particular conduct is innocent or criminal, but rather the degree of suspicion that attaches to particular noncriminal acts. *Id.* (citing *Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997)).

The detaining officer does not need to be personally aware of every fact that objectively supports reasonable suspicion. *Id.* Instead, we consider the cumulative information known by all the "cooperating officers" at the time of the detention. *Id.* A 911 police dispatcher is considered a cooperating officer. *Id.* If a citizen-informant identifies herself and may be held accountable for the accuracy and veracity of her report, then the information she provides also may be regarded as

6

reliable.[5]  *Id.* at 914–15.  The only question is "whether the information that the known citizen-informant provides, viewed through the prism of the detaining officer's particular level of knowledge and experience, objectively supports a reasonable suspicion to believe that criminal activity is afoot."  *Id.* at 915.

The facts need not point to a particular and distinctively identifiable criminal offense.  *See id.*  It is only necessary for the information to be sufficiently detailed and reliable to "suggest that *something* of an apparently criminal nature is brewing" or afoot.  *Id.* at 916–17 (emphasis in original).  However, although it may be a "close call," the information must amount to more than a mere hunch or intuition.  *Id.*  The facts must show that an unusual activity occurred, suggest a connection between the detainee and the unusual activity, and provide some indication the unusual activity is related to a crime.  *Id.* at 916.

## C.    No abuse of discretion

Appellant emphasizes that Hendrie acknowledged he had not observed any criminal activity committed by appellant at the time he decided to partially block appellant's car.  In other words, all Hendrie observed was appellant sitting in the driver's seat of a running car with its lights on, backed into a parking spot in front of the gate to the complex.  Therefore, according to appellant, Hendrie merely imagined or "conjured" his suspicion.  However, while certain conduct may appear entirely innocent or innocuous "when viewed in a vacuum," that same noncriminal

---

[5] Appellant insists that *Martinez v. State* controls.  There, an anonymous 911 caller did not provide any identification information to the responding officer or to the 911 operator.  348 S.W.3d 919, 924 (Tex. Crim. App. 2011).  The Court of Criminal Appeals concluded the detention in that case was not supported by reasonable suspicion based, in part, on the unknown reliability of the caller.  *Id.* at 926.  However, the record here reveals that the resident caller provided the 911 operator with her name, phone number, and apartment number.  Even though Hendrie was not successful in reaching the caller by phone, she had provided self-identifying information making herself accountable for the tip, which significantly improved its degree of reliability.  *See id.* at 923.  Therefore, *Martinez* is distinguishable.

behavior when properly viewed in terms of the totality of the circumstances may give rise to reasonable suspicion. *See Woods*, 956 S.W.2d at 38; *see also Curtis v. State*, 238 S.W.3d 376, 378–81 (Tex. Crim. App. 2007) (reaffirming and applying *Woods* in upholding trial court's denial of motion to suppress).

Here, considering the totality of the circumstances, we conclude that specific, articulable facts, combined with rational inferences drawn from those facts, supported Hendrie's reasonable suspicion to conduct an investigative detention of appellant. *See Derichsweiler*, 348 S.W.3d at 914. Hendrie was responding to a 30-minute-old 911 call from an identified resident that there was a suspicious black man wearing a black shirt who was lurking near the leasing office watching people and cars at her apartment complex. Hendrie had knowledge of and prior experiences with robberies at that particular complex. Based on those experiences and his specific training, Hendrie also had knowledge of how getaway cars are typically parked during a robbery.[6] After he arrived to investigate the suspicious individual report, Hendrie observed a running car in front of the leasing office, parked in a manner similar to a getaway vehicle, outside the only gated entrance to the complex, with a black man wearing a dark shirt sitting in the driver's seat.

Viewed in the light most favorable to the trial court's ruling, *see Garcia-Cantu*, 253 S.W.3d at 241, the evidence:

- raised unusual activity (the 911 call about the suspicious person watching people and cars near the leasing office);

---

[6] While reliance on an officer's experience and training alone is insufficient to establish reasonable suspicion, it is sufficient when, as here, it is coupled with objective factual support. *Compare Curtis*, 238 S.W.3d at 381 (considering officers' training and experience with objective facts in reasonable suspicion analysis), *with Ford v. State*, 158 S.W.3d 488, 494 (Tex. Crim. App. 2005) (relying on officer's subjective judgment without objective facts in evidence did not support reasonable suspicion finding). Therefore, appellant's reliance on *Ford* is misplaced.

- provided a connection between the detainee and the unusual activity (a man matching the general physical description given by the caller was sitting in a running car, backed into a parking spot near the leasing office); and

- indicated the unusual activity was somehow related to a crime (in Hendrie's knowledge and experience, the complex was a frequent location of robberies and appellant's vehicle was parked like a typical getaway car).

*See Derichsweiler*, 348 S.W.3d at 916. Considering the totality of the circumstances, objectively and in the aggregate, the information collectively known to Hendrie suggests the possibility that criminal activity was afoot. *See id.* at 916–17. Therefore, the officer was justified by reasonable suspicion to conduct an investigative detention of appellant. *See id.*

We conclude that the trial court did not abuse its discretion in denying appellant's motion to suppress, and we overrule appellant's sole issue.

## IV. CONCLUSION

Accordingly, we affirm the trial court's judgment.


/s/ Marc W. Brown
Justice

Panel consists of Justices Boyce, McCally, and Brown.

Publish — TEX. R. APP. P. 47.2(b).