**Affirmed and Memorandum Opinion filed June 11, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00369-CR

**JOSE TRETO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1894823**

## M E M O R A N D U M   O P I N I O N

Appellant Jose Treto appeals the trial court's denial of a motion to suppress. Appellant alleges that incriminating evidence was seized as a result of an illegal detention. Because the record supports that the arresting officer had reasonable suspicion to detain appellant, we conclude that the trial court did not commit error in denying the motion to suppress. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Four Houston Police Department officers were working approved extra jobs providing security services at an apartment complex on the evening of May 9, 2013. Around midnight, the officers heard appellant and a woman—discovered to be appellant's wife—arguing loudly from approximately 100 feet away. The officers proceeded to where the argument was taking place.

Appellant and his wife had been arguing in front of their second-floor apartment. Around the time the officers arrived at the scene, appellant proceeded down the stairs to the ground level while his wife remained on second-floor balcony. Appellant and his wife were still arguing as the officers approached. Appellant then got into his parked vehicle and backed out of the parking space to leave, causing his tires to screech in the process. The officers signaled for appellant to stop by shining their flashlights at him. Appellant stopped his vehicle, and two officers approached appellant while the other two went to speak with appellant's wife. Upon approaching appellant's vehicle, the officers noticed the smell of marijuana emanating from the vehicle. The officers asked appellant about the smell, and appellant admitted to having marijuana in his pocket. The officers confirmed that appellant had marijuana in his pocket, and then placed him under arrest.

Appellant was charged by information with possession of marijuana under two ounces. *See* Tex. Health & Safety Code Ann. § 481.121(a), (b)(1) (West 2010). Prior to trial, appellant filed a motion to suppress in which he alleged various legal violations, including a general assertion that no reasonable suspicion existed justifying appellant's detention. The trial court held an evidentiary hearing focusing on the basis for the officers' initial detention of appellant, at which two of the officers testified. At the hearing, the State disclaimed any reliance on the community caretaking function as a basis for stopping appellant. Instead, the State argued the stop was justified on the

2

grounds that the officers had reasonable suspicion of either domestic violence or a violation of a Houston municipal ordinance relating to noise.[1]  The trial court reserved ruling on appellant's motion pending submission and review of precedent regarding the possibility of basing reasonable suspicion on a noise ordinance violation.

Appellant and the State each filed a memorandum with the trial court addressing whether the officers' stop of appellant was justified based on a reasonable suspicion that appellant had violated the noise ordinance.  Appellant included in his memorandum an incomplete argument that his actions were protected by the First Amendment to the United States Constitution.  At the continuation of the hearing on appellant's motion to suppress, appellant again alluded to a First Amendment issue.

The trial court denied appellant's motion to suppress. Appellant subsequently pleaded guilty, with an agreed sentence of two days in jail and a $200 fine.  The trial court entered judgment and certified appellant's right to appeal matters raised before trial.  Appellant timely appealed.

After the appeal was filed, we abated the appeal and directed the trial court to enter written findings of fact and conclusions of law.  *See State v. Cullen*, 195 S.W.3d 696, 698–99 (Tex. Crim. App. 2006).  Among its findings of fact, the trial court noted that the two testifying officers previously had encountered family disturbances at the property.  The trial court also noted that on the evening in question the yelling heard by the officers was loud enough to be heard from more than 100 feet away, and that appellant screeched the tires of his vehicle loudly enough to have awakened people in nearby apartments.  Among its conclusions of law, the trial court stated that "it was rational for police to infer that [appellant] may have been engaged in unusual activity

---

[1] *See* Houston, Tex., Code of Ordinances § 30-2 (2011) (providing that "[i]t is unlawful for any person to make, assist in making, permit, continue, cause to be made or continued, or permit the continuance of any loud, unnecessary, or unusual sound or noise that disturbs, injures, or endangers the comfort, repose, health, peace, or safety of others.").

related to the commission of a crime related to domestic violence," and that appellant "was observed by officers committing an offense in violation of the city of Houston noise ordinance and the penal code[2] when he engaged in a loud shouting match with his wife near private residences around midnight and when he peeled out loudly and screeched his tires as he attempted to drive away."

## ANALYSIS

In his sole issue, appellant claims the trial court abused its discretion in denying appellant's motion to suppress.

### *Standard Of Review*

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011) (per curiam). In conducting this review, appellate courts employ a bifurcated standard. *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). A trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility are given almost total deference when supported by the record. *Id.* But pure questions of law and mixed questions of law and fact that do not rely on credibility determinations are reviewed *de novo*. *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011).

We view the evidence in the light most favorable to the trial court's ruling, regardless of whether the trial court granted or denied the motion to suppress. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011). Therefore, we afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from the evidence. *Id.* "When, as in this case, the trial court makes findings of fact, we determine whether the evidence, when viewed in the light most favorable to the court's ruling, supports those findings." *Abney v. State*, 394

---

[2] The court had previously referenced a provision of the Penal Code pertaining to disorderly conduct. *See* Tex. Penal Code Ann. § 42.01(a)(5) (West 2014).

4

S.W.3d 542, 548 (Tex. Crim. App. 2013). "We then review the court's legal ruling *de novo* unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling." *Id.* "We will uphold the judgment if it is correct on some theory of law applicable to the case, even if the trial judge made the judgment for a wrong reason." *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014).

### *Reasonable Suspicion*

"Under the Fourth Amendment, a warrantless detention of the person that amounts to less than a full-blown custodial arrest must be justified by a reasonable suspicion." *Derichsweiler v. State,* 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). "Reasonable suspicion requires more than a hunch; it exists only when an officer has specific, articulable facts that, taken together with reasonable inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be, engaging in criminal activity." *Delafuente v. State*, 414 S.W.3d 173, 177 (Tex. Crim. App. 2013). However, "the state need not establish that a crime occurred prior to the investigatory stop . . . ." *Martinez*, 348 S.W.3d at 923; *see also Abney*, 394 S.W.3d at 548 ("The State does not have to establish with absolute certainty that a crime occurred."). The relevant inquiry is not whether particular conduct is innocent or criminal, but the degree of suspicion that attaches to particular non-criminal acts. *Derichsweiler*, 348 S.W.3d at 914.

The reasonable suspicion standard "is an objective one that disregards the actual subjective intent of the arresting officer and looks, instead, to whether there was an objectively justifiable basis for the detention." *Id.* "It also looks to the totality of the circumstances; those circumstances may all seem innocent enough in isolation, but if they combine to reasonably suggest the imminence of criminal conduct, an investigative detention is justified." *Id.* "The facts must show that an unusual activity occurred, suggest a connection between the detainee and the unusual activity, and provide some

indication the unusual activity is related to a crime." *Johnson v. State*, 444 S.W.3d 209, 214 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd). "In making this determination, courts use 'commonsense judgments and inferences about human behavior.'" *Woodard*, 341 S.W.3d at 412 (quoting *Illinois v. Wardlow*, 528 U.S. 119, 125 (2000)).

### *The Officers Had Reasonable Suspicion To Detain Appellant*

The trial court found that the officers had reasonable suspicion to detain appellant for reasons including: an offense in violation of the penal code; a crime related to domestic violence; and a violation of the City of Houston Noise Ordinance § 30-2. We need only find reasonable suspicion on any one of those grounds to affirm the judgment of the trial court. *See Story*, 445 S.W.3d at 732.

We first consider the possible penal code violation—specifically, the offense of disorderly conduct. A person commits the offense of disorderly conduct if he intentionally or knowingly "makes unreasonable noise in a public place other than a sport shooting range . . . or in or near a private residence that he has no right to occupy." Tex. Penal Code Ann. § 42.01(a)(5) (West 2014).

The officers heard appellant yelling from over 100 feet away after midnight. Appellant was outside of an apartment adjacent to a parking lot. When the officers were able to visually observe appellant, he appeared to be arguing with a female. The officers next observed appellant enter a vehicle and attempt to leave the location, spinning his tires as he did so. One of the officers testified that this spinning of tires produced "screeching" loud enough to have awakened people sleeping in the vicinity.

Considering the totality of the circumstances, objectively and in the aggregate, the information collectively known to the officers supports a reasonable suspicion that criminal activity was afoot. *See Derichsweiler*, 348 S.W.3d at 916–17. Accordingly, we conclude that specific, articulable facts, combined with rational inferences drawn from those facts, supported the officers' reasonable suspicion to conduct an

6

investigative detention of appellant for the offense of disorderly conduct. *See id.* at 914, 916–17. Because we conclude that the officers reasonably suspected that appellant had committed the offense of disorderly conduct, we need not consider whether appellant could have been detained on any other basis.[3]

## CONCLUSION

Because the trial court correctly found that reasonable suspicion existed to detain appellant, we conclude that the trial court did not abuse its discretion in denying appellant's motion to suppress. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

/s/    Marc W. Brown
       Justice

Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[3] Moreover, because we conclude that reasonable suspicion existed to conduct an investigative detention of appellant based on the offense of disorderly conduct, we need not address appellant's argument that the City of Houston noise ordinance is unconstitutionally vague and violates appellant's First Amendment rights. We likewise reject appellant's contention that section 42.01(a)(5) of the Texas Penal Code is unconstitutionally vague, as this Court has previously held that it is not. *See Blanco v. State*, 761 S.W.2d 38, 39–42 (Tex. App.—Houston [14th Dist.] 1988, no pet.).